UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2991 PA (Ex) | Date | May 6, 2022 |
|---|---|---|---|
| Title | Jill V. Villa v. Xanitos, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Xanitos, Inc. ("Defendant"). (Docket No. 1.) The Removal alleges the Court possesses jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). (Id.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2991 PA (Ex) | Date | May 6, 2022 |
|---|---|---|---|
| Title | Jill V. Villa v. Xanitos, Inc., et al. | | |

removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197.

In the Notice of Removal, Defendant alleges that the amount in controversy exceeds $5,000,000. (Removal ¶¶ 24-54.) To reach that amount, Defendant relies upon the underlying Complaint, which alleges that Defendant "regularly failed to pay at least minimum wage" and "failed to pay Plaintiff and Class Members overtime wages for all overtime hours." (Compl. ¶¶ 41, 51, Docket No. 1-1.) Defendant also points to the Complaint's allegations that "Plaintiff and Class Members did not receive compliant meal periods . . . because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period" and "Plaintiff and Class Members did not receive a ten (10) minute rest period." (Id. ¶¶ 60, 67.) Defendant then points to the Complaint's allegations that "Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements" and "willfully failed to pay the Waiting Time Subclass all their earned wages upon termination." (Id. ¶¶ 73, 80.) Defendant then argues that Plaintiff's attorneys' fees should also be considered in determining the amount in controversy.

Upon initial review, Defendant's Notice of Removal appears to be deficient because it contains unsupported assumptions. Defendant does not present facts to support that Defendant "regularly" failing to pay minimum wage creates a reasonable assumption of one hour of unpaid wages per work week every week. See Anderson v. Starbucks Corp., 556 F. Supp. 3d 1132, 1137 (N.D. Cal. 2020) ("To be sure, 'regularly' does 'not necessarily mean always doing something.'" (quoting Ibarra, 775 F.3d at 1198-99)). Similarly, the assumption of a 100% violation rate for meal period, rest period, and other violations appear unsupported. Defendant only identifies the total number of putative class members, the average hourly pay rate, and the total number of hours worked. Defendant then jumps to the conclusion that, because Defendant intentionally and willfully committed violations, a 100% violation rate for every potential class member is a reasonable estimate. Although Defendant "may draw reasonable inferences from the complaint and from the evidence submitted in connection with the removal of the complaint . . . [Defendant is] not permitted to pull violation rates out of thin air." Sanchez v. WaveDivision Holdings, LLC, 18-CV-02439, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018) (remanding case and finding defendant's declaration was "missing the most important information for estimating the amount in controversy: the likely violation rates"); Garibay v. Archstone Communities, LLC, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (affirming district court's order remanding case based on failure to show $5 million amount in controversy, finding the defendant improperly "assume[d] that each employee would be entitled to the maximum statutory penalty, but provide[d] no evidence supporting that assertion.").

For this reason, the Court hereby orders Defendant to show cause in writing why this case should not be remanded for lack of subject matter jurisdiction because Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy requirement for CAFA jurisdiction has been met. Defendant's response to this Order to Show Cause shall be filed no later than May 23, 2022.

IT IS SO ORDERED.