UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2991 PA (Ex) | Date | May 26, 2022 |
|---|---|---|---|
| Title | Jill V. Villa v. Xanitos, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendant Xanitos, Inc. ("Defendant"). (Notice of Removal ("Removal"), Docket No. 1.) Defendant alleges that this Court possesses diversity jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). (Id.) On May 6, 2022, the Court issued Defendant an order to show cause why the case should not be remanded for lack of subject matter jurisdiction, due to not meeting the amount in controversy requirement for CAFA. (Docket No. 13.) On May 23, 2022, Defendant filed a response. (Response, Docket No. 15.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2991 PA (Ex) | Date | May 26, 2022 |
|---|---|---|---|
| Title | Jill V. Villa v. Xanitos, Inc., et al. | | |

(quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

Before reaching claim specific arguments, Defendant first asserts that Plaintiff's allegations are broad and vague, using language that makes Defendant's various assumed violation rates reasonable. (See Response at 10-11.) Defendant points to Plaintiff's allegations that Defendant: had a "systematic pattern of wage and hour violations," had a "common course of conduct," "regularly failed" to pay wages due, "at all relevant times" failed to pay wages due, had "policies and practices" that violated state law, and "systematically engaged in unlawful conduct." (Compl. ¶¶ 3, 25, 41, 62, 87-88, Docket No. 1-1.) However, such allegations do not automatically make violation frequency assumptions reasonable. As discussed in Ibarra, "a 'pattern and practice' of doing something does not necessarily mean always doing something." Ibarra, 775 F.3d at 1199; see also Dunn v. SHC Servs., Inc., No. 1:21-cv-00744-NONE-SAB, 2021 WL 5122057, at *15 (E.D. Cal. Nov. 4, 2021) (collecting cases before concluding that "Plaintiff's allegations of 'uniform and systematic,' 'regular,' and 'pattern and/or practice' violations, without more, do not support Defendant's presumption of a 100% violation rate"). And even when appearing conservative, "assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id.; see Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020) ("[Defendant] did not carry this burden because it relied on assumptions . . . that were unreasonable. As the district court found, [Defendant] has failed to provide any evidence to support its assumption . . . ." (emphasis in original)); see also Sanchez v. WaveDivision Holdings, LLC, No. 18-cv-02439-VC, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018) ("This declaration lists the average hourly rates earned . . . as well as the number of workweeks . . . . However, the declaration is missing the most important information for estimating the amount in controversy: the likely violation rates."); Rutledge v. Healthport Techs., LLC, No. 16-cv-06920-VC, 2017 WL 728375, at *2 (N.D. Cal. Feb. 24, 2017) ("The allegation of a policy and practice may make the assumption of violations against all class members reasonable. It does not shed light, though, on the frequency of the violations.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2991 PA (Ex) | Date | May 26, 2022 |
|---|---|---|---|
| Title | Jill V. Villa v. Xanitos, Inc., et al. | | |

      Here, the Court finds that Defendant's failure to supply any evidence to support their assumed violation rates makes those assumptions unreasonable. On Plaintiff's first claim, for failure to pay minimum wage, Defendant relies on an assumed violation rate of one hour of unpaid wages each week because Plaintiff alleges that Defendant "regularly" did not pay minimum wage. (Response at 11-13 (quoting Compl. ¶ 34).) On Plaintiff's second claim, for failure to pay overtime, Defendant relies upon an assumed violation rate of 100% for each and every overtime and double-time hour worked, based on the allegation that "[d]uring the relevant time period, Defendant[] failed to pay . . . for <u>all</u> overtime hours worked." (<u>Id.</u> at 13 (quoting Compl. ¶ 51 (emphasis added)).). On Plaintiff's third and fourth claims, for meal and rest break violations, Defendant relies upon an assumed violation rate of one meal and rest break violation every week, based upon the allegations that "[a]t all relevant times, Defendant[] failed to pay . . . meal [and rest] period premiums for missed, late, short, and/or interrupted meal periods . . . ." (<u>Id.</u> at 14-17 (quoting Compl. ¶¶ 61, 69).) Defendant also assumes a 100% violation rate for Plaintiff's fifth and sixth claims, for inaccurate wage statements and failure to pay wages due upon separation, relying on Plaintiff's phrases that "one or more of the following items" were missing or inaccurately stated on wage statements and that "[a]ll Class Members who separated their employment" are entitled to waiting time penalties. (<u>Id.</u> at 17-19 (quoting Compl. ¶¶ 21, 73).) These assumed violation rates lack evidentiary support, making them unreasonable. <u>See Akana v. Estee Lauder, Inc.</u>, No. LA CV19-00806 JAK (PLAx), 2019 WL 2225231, at *6 (C.D. Cal. May 23, 2019) ("[S]ome factual basis is required once the amount in controversy has been contested. As in <u>Ibarra</u>, Defendants 'relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence,' despite having the burden of proof as to the amount in controversy." (quoting <u>Ibarra</u>, 775 F.3d at 1198)); <u>Weston v. Helmerich & Payne Int'l Drilling Co.</u>, No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, at *6 (E.D. Cal. Sept. 17, 2013) ("Defendant is not obligated to prove Plaintiff's case . . . [but] there are methods of determining a reasoned basis for the calculations such as random sampling and . . . using actual numbers . . . or, at a minimum, explaining why Defendant's methodology and assumptions make sense."). Because Defendant relies on unreasonable assumptions to make its amount in controversy calculations, the Court finds Defendant's assertion that the figure exceeds $5 million is speculative.[1/] See Toribio v. ITT Aerospace Controls LLC, No. CV 19-5430-GW-JPRx, 2019

---

[1/]     Defendant also argues that Plaintiff's request for attorneys' fees bolsters the amount in controversy by 25%. However, Defendant's failure to adequately support the underlying damages prevents any application of attorneys' fees to the amount in controversy total. See Garibay v. Archstone Cmtys. LLC, 539 F. App'x 763, 764 (9th Cir. 2013); Armstrong v. Ruan Transp. Co., No. EDCV 16-1143-VAP (SPx), 2016 WL 6267931, at *7 (C.D. Cal. Oct. 25, 2016) ("Defendant's fee estimate is based on a conjectural damages calculation and should be disregarded.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2991 PA (Ex) | Date | May 26, 2022 |
|---|---|---|---|
| Title | Jill V. Villa v. Xanitos, Inc., et al. | | |

WL 4254935, at *2 (C.D. Cal. Sept. 5, 2019) ("As is true in many such [wage-and-hour cases], Aerospace has attempted to read the vague tea leaves strewn about by Plaintiff in the Complaint, which in this instance is based upon Plaintiff's allegations of a 'pattern and practice' of various violations. From those meager offerings, Aerospace has attempted to supply violation rates . . . of one meal break violation and one rest break violation per week. . . . What Aerospace cannot do is simply pull violation rates out of thin air, . . . and conclusively state that they are 'reasonable inference[s]' about the most important variables involved in the necessary calculations.").

  For the reasons stated above, Defendant has failed to satisfy its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000 as required for federal jurisdiction under CAFA. This action is hereby remanded to the Superior Court of California, County of Los Angeles, case number 22STCV09036, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.